UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

May 30, 2012

Frank G. Lidinsky, Esq.
8600 LaSalle Road, Suite 320
Baltimore, MD 21286

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Charles Redmond Phillips v. Michael J. Astrue,
Commissioner of Social Security, PWG-10-1475**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Phillips' claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 12,16,19). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Charles Redmond Phillips (sometimes referred to as "Mr. Phillips", "Claimant", or "Plaintiff") applied for DIB on June 30, 2005, alleging that he was disabled as of December 14, 2004, due to depression, congestive heart failure, high blood pressure, glaucoma, carpal tunnel syndrome, and pain in his knees and feet. (Tr. 71, 172). After a hearing before the Honorable William F. Clark ("ALJ") on May 2, 2008, the ALJ denied Mr. Phillips' claim and concluded in a decision dated May 29, 2008, that he retained the residual functional capacity ("RFC") to perform a range of light work.[1] Next, the ALJ found

---

[1] The ALJ found Mr. Phillips retained the following RFC: he required the option to sit or stand at will; he could not

1

that Mr. Phillips was unable to perform any of his past relevant work ("PRW").(Tr. 75).  However, after receiving testimony from a vocational expert ("VE"), the ALJ concluded that work existed in the national and local economies in significant numbers which Mr. Phillips could perform.[2]  Accordingly, the ALJ found he was not disabled.(Tr. 69-77).  On April 22, 2010, the Appeals Council denied Mr. Phillips' request for review making his case ready for judicial review. (Tr. 1-6).

Mr. Phillips argues that the ALJ failed properly to consider all the relevant medical evidence and failed to include all of the mental limitations related to his severe impairments in determining his RFC, and thus erred in presenting hypotheticals to the VE. The Commissioner argues the ALJ properly considered all relevant evidence including Mr. Phillips' complaints of pain and that all of the credible vocational implications from his impairments are adequately reflected in the ALJ's RFC determination.

When a claimant alleges disability due to a mental condition, the Commissioner must follow a special technique set forth in 20 CFR § 404.1520a, and the Listing of Impairments ("Listings"), *Mental Disorders 12.00*.  At step two of the sequential evaluation, the ALJ found Mr. Phillips was severely impaired by the following medical conditions: congestive heart failure and an affective disorder.[3] (Tr. 71).  The ALJ also found that although these impairments were severe and caused more than minimal limitations on Mr. Phillips' ability to perform work activities, they did not meet, or medically equal, any of the Listings.  Specifically, the ALJ stated that he gave specific consideration to Listings 12.04 *Affective Disorders* and 4.02 *Chronic Heart Failure*.

---

perform work activity involving ladders, ropes, scaffolds, or unprotected heights; and he had to avoid concentrations of dust, fumes, and smoke. (Tr. 73).

[2] The ALJ found Mr. Phillips could perform work as a domestic driver, cashier, parking lot attendant, and could work in protective services. (Tr. 76).

[3] There is evidence -- not adequately discussed by the ALJ-- that Claimant also suffered from an organic mental disorder classified under Listing 12.02. (Tr. 307).

2

The ALJ found that Mr. Phillips suffered from a dysthymic disorder[4] and that it was severe. The ALJ also found that the degrees of limitation in each of the four areas of functioning listed in paragraph (c) of 404.1520a were:

1) "mild" restrictions of activities of daily living;
2) "moderate" restrictions of social functioning;
3) "moderate" impairment in concentration, persistence, and pace; and that
4) Claimant experienced "no" episodes of decompensation. (Tr. 72-73).

After review of the record, it is evident that the ALJ was presented with evidence that the claimant had been diagnosed with a memory impairment, in addition to the diagnosis of dysthymic disorder, but the ALJ failed to discuss the implications of this additional disorder on his findings. *See* FN. 2, *supra*. Dr. Kenneth Wessell, a state agency reviewing medical source stated that in addition to a dysthymic disorder, Mr. Phillips also had a memory impairment, classified under Listing 12.02, and that it was "severe". Dr. Wessell completed a Psychiatric Review Technique Form "PRTF" and a Mental Residual Functional Capacity Assessment "MRFCA". See Exhibits 8-F&9-F (Tr. 293-310). Pursuant to Listings 12.02 *Organic Mental Disorders* and 12.04 *Affective Disorders*, Dr. Wessell stated that Claimant had "moderate" limitations in maintaining social functioning, concentration, persistence, and pace and that he experienced "one or two" episodes of decompensation, each of extended duration and that he had moderate limitsion ins everal areas of functioning. (Tr. 303, 306-308). These medical findings contradict the ALJ's finding that Mr. Phillips experienced "no" episodes of decompensation. (Cf. Tr. 73, 303).

Doctor Wessell's findings undermine the ALJ's findings at steps two and four regarding the existence and severity of Mr. Phillips' mental impairments. The ALJ only discussed Listings 12.04 and 4.02, summarized only one of Dr. Wessell's reports, and did not explain how he reached the conclusion that Claimant had experienced "no" episodes of decompensation, when Dr. Wessell's PRTF clearly stated that he had. Therefore, I am unable to discern whether the ALJ considered the additional impairment -- which was found by the State Agency physician to

---

[4] Dysthymic disorder is an affective disorder classified under listing 12.04 *Affective Disorders*.

be "severe" -- at any step of the sequential evaluation. This was improper in light of SSR 96-6p.[5]

Accordingly, the Court cannot determine whether findings are supported by substantial evidence in the absence of the ALJ explaining what weight if any, he gave to the evidence of Claimant's memory disorder. *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984) *see also* SSR 96-6p (1996 WL 374180), SSR 82-62.

The ALJ documented his specific findings as to the degree of limitation in each of the four areas of functioning described in paragraph(c) of 404.1520a at step three of the sequential evaluation. (Tr. 72). However the ALJ's discussion of Mr. Phillips' mental limitations at steps two and three is not an RFC assessment[6], and did not satisfy the ALJ's duties at step 4 of the sequential evaluation. SSR 96-8p, in relevant part, states as follows:

> [T]he adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria *are not an RFC assessment* but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. *The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process require a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.* S
> SR 96-8p (1996 WL 374184, *4(S.S.A.)).(Emphasis added).

---

[5] SSR 96-6p in relevant part provides:
"ALJ's are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." (1996 WL 374180, *2 (S.S.A.)).

[6] The Introduction to Listing 12.00 *Mental Disorders*, in relevant part, states:
"*An assessment of your RFC <u>complements</u> the functional evaluation necessary for paragraphs B and C of the listings <u>by requiring consideration of an expanded list of work related capacities</u> that may be affected by mental disorders when your impairment is severe but neither meets nor is equivalent in severity to a listed mental impairment.*" See 20 CFR Pt. 404, Subpt.P, App. 1 (emphasis added); *See also* SSR 96-8p (1996 WL 374184).

The ALJ never referenced the MRFCA submitted by Dr. Wessell at steps four and five of the sequential evaluation and therefore the undersigned simply has no way of knowing how, or whether, the hypothetical presented to the VE in this case adequately reflects all of the limitations found by Dr. Wessell.[7] Dr. Wessell stated in the MRFCA that Mr. Phillips' had "moderate" limitations in his abilities to: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions from respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting. (Tr. 306-308).

    The ALJ acknowledged some non-exertional limitations with respect to Mr. Phillips' physical limitations, however, none of the mental limitations found by Dr. Wessell were included in the RFC findings of the ALJ's decision. (Tr. 74). Therefore I am not able to say the ALJ's findings are supported by substantial evidence. Absent the proper discussion in the ALJ's decision, this Court has no way of determining whether the ALJ's findings regarding Mr. Phillips' RFC and, consequently, the hypotheticals presented to the VE with the limitations he described, are supported by substantial evidence. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. SSR 96-8p (1996 WL 374184 *7 (S.S.A). For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum. A separate Order shall issue.

Dated: 5/30/12                              _____/s/_____
                                             Paul W. Grimm
                                             United States Magistrate Judge

---

[7] The hypothetical presented to the VE was:
"A person with same age, education, and past relevant work experience, who can do light exertional level work with the option to sit/stand according to customary tolerances, who could never climb ladders, ropes, or scaffolds, and would not be exposed to concentrations of dust fumes, or smoke." (Tr. 58).

5